[Filed May 25, 1886.]

## AH LEP *v.* GONG CHOY ET AL.

APPEAL—UNDERTAKING ON—COUNTER-UNDERTAKING—DISCHARGE OF SURETIES.—Where, on an appeal to this court, the appellant gives an undertaking to stay proceedings, and the respondent gives a counter-undertaking and attempts to enforce the judgment, the giving of the latter undertaking does not have the effect to discharge the sureties in the former.

SAME—CONSIDERATION.—The consideration for the counter-undertaking is the privilege obtained of enforcing the judgment or decree.

SAME—DUTY OF CLERK.—The clerk should certify as to both undertakings when two are given.

SAME—JUDGMENT AGAINST SURETIES.—When an undertaking has been given by both appellant and respondent, if the case is affirmed the respondent is entitled to judgment against the sureties on appeal; if reversed, and it has been enforced, the appellant is entitled to judgment of restitution against the sureties in the counter-undertaking; while if it has been enforced, and the judgment is affirmed, the respondent would be entitled only to costs of the appeal.

MANDATE—POWER OF APPELLATE COURT TO RECALL.—Whether this court has power to recall or change a mandate after it has been transmitted to the court below, *quære.*

MOTION to set aside judgment and correct mandate. Denied.

*W. H. Adams,* for the motion.

*W. Scott Beebe, contra.*

By the COURT. The judgment appealed from herein was reversed as to the appellant Gong Wing, and affirmed as to the appellant Gong Choy. A mandate was sent to the Circuit Court to be entered therein; but the judgment not having been given against the sureties upon the appeal, the respondent's counsel applied to this court to have it corrected in that particular. The judgment was accordingly given against the sureties, and another mandate sent down. The appellant's counsel thereupon filed a motion in this court to set aside the latter judgment and recall the mandate last sent. The question presented for our consideration at this time is whether the judgment was properly given against the sureties, as the respondent, after the notice of appeal was served, and the undertaking given to stay the proceedings was executed and filed, gave a counter-undertaking and attempted to enforce the judgment notwithstanding the appeal and undertaking for stay of proceedings. The course pursued by the counsel in this matter has occasioned annoyance and embarrassment to the clerk of this court in having to make the various changes in his record of the proceedings of the case. It could all have been avoided if they had given proper attention to the entry of the judgment in the first instance. Such questions should be brought before the court prior to any entry of judgment, and settled. Then a proper entry could be made and all confusion in the matter prevented.

It is very doubtful whether this court has authority to recall or change a mandate after it has been transmitted to the court below, though we have been inclined to entertain questions bearing upon the rights of the parties which have arisen after a final record has been made up. We think, however, that it is much better practice to have them considered before the entry of the judgment or decree of the court, and have the record

made understandingly. A little attention to such matters upon the part of counsel would save them trouble, and relieve the clerk of much perplexity. We take this occasion to call the attention of counsel generally to the subject, as the proceedings in this case have strongly impressed upon the mind of the court the necessity of observing the practice suggested.

We have considered the motion upon its merits, and concluded that it will have to be denied. Subdivision 4 of section 536, Civil Code, provides that " if judgment or decree be given against the appellant, it shall be entered against the sureties also, in like manner and with like effect, according to the nature and extent of their undertaking." The language of the provision is peremptory, and is subject to no exceptions that we are able to discover. Section 530, Civil Code, provides " that if the judgment or decree has been given in an action or suit upon a contract, notwithstanding an appeal and undertaking for the stay of proceedings, the respondent may proceed to enforce such judgment or decree, if within ten days from the time the appeal is perfected he file with the clerk an undertaking, with one or more sureties, to the effect that if the judgment or decree be reversed or modified, the respondent will make such restitution as the appellate court may direct." The appellant's counsel contends that where a respondent avails himself of the benefit of the last provision, he cannot claim the benefit of the appellant's undertaking; that, in effect, the counter-undertaking supersedes the original one; that there would in that case be no consideration for the latter undertaking, and that it would tend to injure the sureties if the respondent proceeded to enforce the judgment or decree by depriving their principal of the means of discharging the debt, or embarrass him in the payment of it. And he contends that as evidence that

the legislature intended that respondent's undertaking should, when given in such cases, supersede that of the appellant, the clerk, in his certificate to the transcript sent to the appellate court, is required to specify as to the filing of the undertaking, "whether by the appellant or respondent," the names of the sureties, etc., as mentioned in subdivision 1 of section 531, Civil Code. But we do not think there would be a failure of consideration in the appellant's undertaking in consequence of the respondent's availing himself of the benefit of a statutory provision, or any injury to the appellant's sureties of which they would have the right to complain. Acts which discharge a surety must be wrongful, and doing that which the statute permits in express terms cannot be regarded as wrongful. Besides, the respondent gives a consideration for the privilege of enforcing the judgment or decree, in such a case, by filing with the clerk the undertaking provided in said section 530. We think the clerk is required to certify as to both undertakings, where two are given, and that the object of the requirement is to enable the appellant, in case the judgment or decree is reversed, and it has been enforced by the giving of such undertaking, to obtain judgment against the sureties upon the respondent's undertaking. It amounts to this: If the judgment is affirmed, the respondent is entitled to have the judgment entered against the sureties on the appeal; if it is reversed, the appellant is entitled, if it has been enforced, to have a judgment of restitution entered against the sureties upon the counter-undertaking; and in case it has been enforced, and the judgment is affirmed, the prevailing party would only be entitled to judgment for the costs upon appeal. He would not be entitled to more than one satisfaction of the judgment in any case, but the mere giving the counter-undertaking would be no satisfaction. It is only a cumulative remedy to secure

the payment of the judgment, and effects nothing unless its collection has been enforced. The judgment herein has not been enforced, and the respondent is therefore entitled to have his judgment entered against the sureties given upon the appeal. The order heretofore made staying proceedings upon the second mandate will be vacated, and the motion denied.