Decided December 27, 1897.

## HOLBROOK v. INVESTMENT COMPANY.

[51 Pac. 45.]

LIABILITY OF SURETIES ON RESTITUTION BOND.— Where an appeal is taken from a judgment in an action on contract, and a stay bond is given, but the respondent secures an enforcement of the judg-- ment by giving an undertaking under section 540, Hill's Ann. Laws, for restoration in case of reversal or modification, the appellate court has jurisdiction, if it reverses or modifies the judgment appealed from, to enter judgment against such sureties. This power is not expressly granted, but is fairly implied from the general policy of our law relating to appeals as indicated by sections 540, 541, and 546, Hill's Ann. Laws: *Ah Lep* v. *Gong Choy,* 13 Or. 429, approved.

IDEM.— Where an undertaking is given for restitution, in order to secure the enforcement of a judgment pending an appeal, and the execution is recalled by the court when only part of the judgment has been collected, there is a sufficient consideration to support the contract, and the sureties are liable thereon.

IDEM.— Where an undertaking for restitution is given to secure the enforcement of a judgment pending an appeal, and such undertaking, with knowledge of the sureties, is signed by only one of the firm in whose favor the judgment had been rendered, and the officer collected only the part due the partner who signed, and there is no showing that he was not the proper person to receive what was collected, the sureties cannot escape liability on their restitution bond on the plea that the money collected was not paid to the firm.

This is a petition to be relieved from an order of this court, directing the restitution of money collected on a judgment notwithstanding an appeal and stay of proceedings. The facts are that the plaintiffs, S. B. Riggen and F. B. Holbrook, as partners doing business under the firm name of Riggen & Holbrook, by consideration of the Circuit Court of Multnomah County obtained a judgment against the defendant for the sum of $951.11, and the costs and disbursements of the action, taxed at

$41.35, from which the defendant appealed, and gave an undertaking therefor which provided for a stay of proceedings. Within ten days after such appeal was perfected the plaintiffs, by Riggen as principal and H. D. McGuire and R. H. Thompson as sureties, in order to enforce said judgment notwithstanding the appeal, filed their undertaking conditioned that if the judgment should be reversed or modified they would make such restitution as the appellate court might direct, and thereupon obtained an execution, in pursuance of which the sheriff of said county collected from the defendant the sum of $527, being one-half of said judgment and interest and all the costs and disbursements. Holbrook objecting to Riggen's collecting more than what he deemed his share of the judgment, moved the court to recall the execution, and, an order to that effect having been made, the money so collected was paid over to Riggen and the execution returned. The judgment in said action was reversed on appeal: *Holbrook* v. *Investment Co.* 30 Or. 259 ( 47 Pac. 920 ), and this court ordered the principal and sureties on the plaintiff's undertaking to restore to· the defendant the money so collected; whereupon McGuire and Thompson petition this court to be relieved therefrom, and that the mandate herein be withheld until such correction is made.

PETITION DENIED.

For the petition there was an oral argument by *Mr. Ralph R. Duniway.*

*Contra,* there was an oral argument by *Mr. Geo. H. Williams.*

PER CURIAM. It is contended by counsel for petitioners that this court, having no original jurisdiction, is powerless to render the judgment complained of, and that the summary proceedings herein adopted constitute a denial of the right to a day in court and trial by jury. The statute provides, in effect, that if the appeal be abandoned, by a failure to file the transcript within the time prescribed by law, the judgment, so far as it is for the recovery of money, may be enforced against the sureties in the undertaking for a stay of proceedings, as if they were parties thereto (Hill's Ann. Laws, § 541, subd. 4), and that, if the judgment be given against the appellant, it shall be enlarged against his sureties also, in like manner and with like effect, according to the nature and effect of their undertaking: Section 546, subd. 4, *Ibid.* The Revised Statutes of New Mexico (§ 5, page 290) contain the following provision: "In case of appeal in civil suits, if the judgment by the appellate court be against the appellant, it shall be rendered against him and his securities on the appeal bond." The supreme court of the territory, in pursuance of the authority conferred by that statute, rendered judgment on appeal against an appellant and the sureties upon the appeal bond, and, a writ of error having been taken to the Supreme Court of the United States, it was held that no fundamental constitutional principle was involved, and

Mr. Justice BRADLEY, referring to the power of the court of New Mexico to render the judgment, says: "A party who enters his name as surety on an appeal bond does it with a full knowledge of the responsibilities incurred. In view of the law relating to the subject it is equivalent to a consent that judgment shall be entered up against him if the appellant fails to sustain his appeal." *Beall* v. *New Mexico*, 16 Wall. 535. When judgment is entered against a party, it must be conceded that it would bind him if the court rendering the judgment had jurisdiction of his person and of the subject matter of the suit or action; and, such being the case, our statutes above referred to in effect provide that when the surety signs an undertaking on appeal and for a stay of proceedings he forms a privity of contract with the judgment debtor, and, like his principal, thereby becomes a party to and is bound by the judgment.

Section 540, Hill's Ann. Laws, so far as it relates to the question under consideration, is as follows: "If the judgment or decree has been given in an action or suit upon a contract, notwithstanding an appeal and undertaking for the stay of proceedings, the respondent may proceed to enforce such judgment or decree, if, within ten days from the time the appeal is perfected, he file with the clerk an undertaking, with one or more sureties, to the effect that if the judgment or decree be reversed or modified the respondent will make such restitution as the appellate court may direct." It will be observed that this section does not, in

direct terms, confer upon this court authority to render judgment against the sureties on such an undertaking when the judgment or decree is reversed or modified, but we think the power is fairly implied therefrom, and particularly so when the general policy of the law, as manifested by sections 541 and 546, is considered. The appellant is required to include in the transcript a certificate of the undertaking executed by the respondent, the names of the sureties, and the amount thereof, if the same is specified (section 541, subdivision 1, Hill's Ann. Laws); and it would seem from this provision that the sureties, by signing such an undertaking, became parties to the judgment or decree upon the reversal or modification of which they agree to make such restitution as may be directed, thereby authorizing this court to render judgment against them in accordance with the conditions stated in such certificate. In *Ah Lep* v. *Gong Choy*, 13 Or. 429 (11 Pac. 72), the court, in considering these provisions of the statute, said: "We think the clerk is required to certify as to both undertakings, where two are given, and that the object of the requirement is to enable the appellant, in case the judgment or decree is reversed, and it has been enforced by the giving of such undertaking, to obtain judgment against the sureties upon the respondent's undertaking. It amounts to this: If the judgment is affirmed, the respondent is entitled to have the judgment entered against the sureties on the appeal; if it is reversed, the appellant is entitled, if it has been enforced, to have a judgment of

restitution entered against the sureties upon the counter-undertaking; and in case it has been enforced, and the judgment is affirmed, the prevailing party would only be entitled to judgment for the costs upon appeal." We think this is a correct statement of the rule, and that the power is conferred upon this court to render judgment against the respondent and his sureties on such undertaking, when the judgment ordered is reversed or modified and a restoration is directed.

It is contended that the undertaking in question was executed in consideration of the enforcement of the judgment; but, inasmuch as only one-half of the amount specified therein was collected, there was a failure of the consideration, the contract of the sureties was altered without their consent, and they are thereby discharged from all liability in consequence thereof. While the rule is well settled that the contract of suretyship is always strictly construed in favor of the surety, and cannot be extended by implication beyond the clear and absolute terms of undertaking ( 24 Am. & Eng. Enc. Law, 749 [ 1st Ed.] and notes ), it is manifest that there was not, in the case at bar, an entire want of consideration, but the failure in that respect was *pro tanto* only, and caused by the act of the court, and, such being the case, the petitioners are liable to the extent of the money so collected : 2 Brandt on Suretyship, § 434. If this rule were otherwise, then the failure or neglect to collect the smallest fraction of the judgment would exonerate the sure-

ties.   A mere statement of such a possible result is sufficient to show the fallacy of the position.

It is also contended that the payment of the money so collected to Riggin was not a payment to the firm of Riggen & Holbrook, and for this reason the sureties are not liable on the undertaking; but there is nothing in the record to show that Riggen was not the proper person to whom the money should have been paid, and inasmuch as he, as principal, signed the firm name to the undertaking, of which fact the petitioners had knowledge at the time it was executed, we think there is no doubt about their liability, for which reason their petition is denied.

PETITION DENIED.

Decided at PENDLETON July 31, 1897.