Decided 6 November, 1899.

## BRAUER *v.* CITY OF PORTLAND.

[58 Pac. 861, 59 Pac. 117, 60 Pac. 379.]

| 35 | 471 |
| 36 | 245 |
| 35 | 471 |
| 43 | 312 |

1. CONSTRUCTION OF FINDINGS OF FACT.—A finding that a public employee agreed to perform the duties of his position for a given sum, which was less than his legal salary, by performing such duties and accepting such sum, is not a finding that he took the reduced salary pursuant to any previous agreement.

2. MUNICIPAL CORPORATIONS—SALARIES OF PUBLIC OFFICERS.—The acceptance by a public official or employee of less than the salary allowed him by law is not a waiver of his right to the balance, provided it was not taken as full payment and in pursuance of a previous agreement: *DeBoest* v. *Gambell*, 35 Or. 368, distinguished.

3. RIGHT TO FILE PETITION FOR REHEARING.—A party against whom a case is decided has a right to petition for a rehearing, though such adverse decision was rendered on a rehearing which reversed the original holding.

4. MANDATE—INTEREST ON JUDGMENT.—On affirmance of a judgment on appeal the mandate should direct the lower court to give judgment for the amount of the original judgment, with interest thereon from the time interest began, but it should not include as part of the principal, interest on the amount of interest due when the judgment was first rendered.

5. CHANGE OF INTEREST ON JUDGMENTS.*—A judgment will continue to draw interest until paid at the rate prevailing when it was rendered, in the absence of a distinct legislative direction changing the rate: *Meyer* v. *Brooks*, 29 Or. 203, cited. Whether the rate can be changed after rendition of the judgment is discussed, but not decided.

6. FORM OF JUDGMENT AGAINST SURETIES ON APPEAL.—Under Hill's Ann. Laws, § 546, subd. 4, providing that if judgment be given against appellant, it shall be entered against his sureties also, in like manner and with like effect, according to the nature and extent of their undertaking, a personal judgment

*NOTE.—Is a judgment a contract? See *Butler* v. *Rockwell*, 17 L. R. A. 611; *Meyer* v. *Brooks*, 54 Am. St. Rep. 790.—REPORTER.

is properly entered against the sureties who signed an appeal bond for a city, although under Section 352, Hill's Ann. Laws, a judgment can be enforced against the city only by demanding a warrant: *Holbrook* v. *Investment Co.*, 32 Or. 104, cited.

From Multnomah :   E. D. SHATTUCK, Judge.

Decided 31 July, 1899.

ON ORIGINAL HEARING.

Action by A. G. Brauer against the City of Portland. There was a judgment for plaintiff, and defendant appeals.                                   AFFIRMED.

For appellant there was a brief over the names of *William M. Cake*, former City Attorney, and *Fred. L. Keenan*, with an oral argument by *Messrs. Joel M. Long*, City Attorney, and *Ralph R. Duniway*.

For respondent there was a brief over the names of *Ralph Platt* and *Victor C. Bellinger*, with an oral argument by *Mr. Bellinger*.

MR. JUSTICE BEAN delivered the opinion.

This is an action at law, brought by the assignee of several extramen employed by the Board of Fire Commissioners of the City of Portland to recover the difference between their salaries as fixed by the charter and the amount thereof as fixed by a resolution of the board, and which they agreed to receive for their services, and did actually so receive.   Upon the merits the questions involved are substantially the same as those presented in *De Boest* v. *Gambell*, 35 Or. 368 (58 Pac. 72), and for the reasons given in the opinion in that case the judgment herein is reversed, and the cause remanded, with directions to enter a judgment in favor of the defendant city.

Decided 2 October, 1899.

ON MOTION FOR REHEARING.

*Mr. Victor C. Bellinger*, for the motion.

*Messrs J. M. Long* and *R. R. Duniway*, contra.

MR. JUSTICE BEAN delivered the opinion.

This case was submitted with that of *De Boest* v. *Gambell*, 35 Or. 368 (58 Pac. 72), and practically on the same argument, and it was, therefore, naturally assumed that the questions involved were substantially the same in both cases, and that the judgment in the *De Boest Case* would control in this. Hence no opinion was written in the case now under consideration, nor was any particular examination made of the record. It appears, however, that, while the *De Boest Case* was decided upon a demurrer to the answer, this was tried on the merits, and findings of fact made, which it is claimed by the respondent show that no agreement, written or otherwise, was ever made by the plaintiff's assignors to accept the reduced salaries in lieu of those fixed by statute. The questions presented by the two cases are, therefore, in fact not identical, and, as this case has never been fully argued or considered upon its merits, the petition for rehearing will be allowed, and it is so ordered.

REHEARING GRANTED.

Decided 6 November, 1899.

ON REHEARING.

For appellant there was a brief and an oral argument by *Messrs. Joel M. Long*, City Attorney, and *Ralph R. Duniway*.

For respondent there was an oral argument by *Messrs. John H. Hall* and *Chester V. Dolph*.

MR. JUSTICE MOORE delivered the opinion.

At a rehearing of this cause it was insisted that the court erroneously assumed that the facts were the same as in the case of *De Boest* v. *Gambell*, 35 Or. 368 (58 Pac. 72), which was argued and submitted at the same time, and that, in consequence of such hypothesis, an error was committed in reversing the judgment. The complaint contains eleven causes of action, founded upon the claims of the hereinafter named persons, who, it is alleged were employed by the City of Portland as extra men in engine companies numbered 1 and 2 and truck company No. 1 at an annual salary of $780 each, who, having served for a specified time in said employment, were paid on account thereof the sum of $20 per month, there remaining due each the further sum of $45 per month, which, for the time said persons were employed, amounted as follows: A. E. Austin, $736.50, H. J. Blaesing, $414, John McNeely, $348, J. M. Campbell, $442.50, Charles B. Judge, $630, Stewart Creighton, $1,182, A. G. McClane, $1,182, Z. T. Elliott, $1,812, Gus Brill, $1,812, W. E. Jacobs, $862.50, and Fred R. Jacobson, $135; and that each of said claimants, for a valuable consideration, assigned his claim to plaintiff. The answer, after denying the material allegations of the complaint, avers that the Board of Fire Commissioners of the City of Portland allowed all extra men in said companies the right to engage in other employments, subject only to such calls as might be made upon them in the performance of the duties demanded by the city, in consideration of which each of said claimants, before entering defendant's employ, distinctly agreed to perform all the duties incumbent upon him for the sum of $20 per month, which had been paid to and received and accepted by each of them in full payment for his

services.   It is also alleged that J. M. Campbell, A. G.
McClane, Z. T. Elliott, Gus Brill, and W. E. Jacobs
were in the service of defendant as extra men in said
companies on May 22, 1893, when its amended charter
took effect, and that each voluntarily continued in such
service under an agreement to perform the duties inci-
dent thereto at $20 per month.   The reply, having denied
the allegations of new matter contained in the answer,
avers that, if any understanding was effected with Camp-
bell, McClane, Elliott, Brill, or Jacobs whereby either
agreed to accept $20 per month in lieu of his legal salary,
it was forced upon him by the defendant and its agents
through coercion, duress, and under threat of immediate
dismissal from the department if he did not submit to
such unlawful demand.   The cause, having been tried,
resulted in a judgment for plaintiff in the amount de-
manded, and defendant appeals.

The case at bar having been argued and submitted
with that of *De Boest* v. *Gambell*, it was assumed and
understood that the facts involved in each case were
identical.   An examination of the latter case shows that
it was alleged in the return to the alternative writ of
mandamus that De Boest agreed with the Board of Fire
Commissioners of the City of Portland to perform the
duties of assistant chief of the fire department for the
sum of $100 per month, in pursuance of which he had
been paid and accepted such sum in settlement of his
claim against the city.   A demurrer to such return hav-
ing been overruled, judgment was given for plaintiff, in
reversing which it was held by this court that, while the
action of the board of fire commissioners in reducing the
salary of such officer was illegal and void, inasmuch as
he agreed to work for the reduced amount, and in pursu-
ance thereof accepted the monthly salary agreed upon,
the contract being entirely executed, he could not recover

the difference between the amount received and the salary prescribed by the charter : *De Boest* v. *Gambell*, 35 Or. 368 (58 Pac. 72). In that case the execution of the agreement was admitted by the demurrer, but in the case at bar it is insisted that no agreement to accept a reduced salary was entered into by Brauer's assignors, and that the findings of the court support the judgment. The seventeenth finding is as follows : "That A. E. Austin, H. J. Blaesing, John McNeely, J. M. Campbell, Charles B. Judge, Stewart Creighton, A. G. McClane, Z. T. Elliott, Gus. Brill, W. E. Jacobs, and Fred. R. Jacobson did not sign the contract made by and between certain officers of the defendant's fire department and the fire commissioners of defendant, whereby said officers agreed to receive less salary as compensation for their services than that provided by section 174 of the charter of the City of Portland, but that said aforenamed assignors, and each of them, did agree with said Commissioners of the Portland Paid Fire Department, by accepting the office of extra men, and the receipt of the sum of $20 per month in lieu of the salary provided by section 174 of the charter of the City of Portland, to perform the duties for $20 per month, but that said contract or agreement was wholly without consideration and void."

1. Mr. Justice BEAN, in the *De Boest Case*, in announcing the legal principle involved, says : "It may be stated at the outset that, where the compensation of a public officer is fixed by law, it cannot be reduced by his superior officer, or the person by whom he is employed ; and the mere fact that he takes the reduced salary does not prevent him from claiming the residue, nor is an agreement or promise to accept such reduced salary binding upon him." The latter clause of the finding quoted, to the effect that plaintiff's assignors agreed, by accepting the office and the receipt of $20 per month, to per-

form the duties of extra men for the amount paid them, is in the nature of a conclusion of law, not deducible from the facts which the court finds.

2.   In *Clark* v. *State*, 142 N. Y. 101 (36 N. E. 817), the plaintiff was employed by the superintendent of public works as lock tender on a canal, but no express agreement was entered into as to his compensation.   He was paid, however, the sum of $20 per month, and for a part of the time signed the monthly pay roll.   The Legislative Assembly of New York, after he was so employed, passed an act which provided that the wages of day laborers employed by the state, or any officer thereof, should not be less than $2 per day, and for all such employed otherwise than day laborers at the rate of not less than twenty-five cents per hour.   Plaintiff, having continued to labor as a lock tender several months after the passage of the act, thereupon presented his claim to the board of claims for extra compensation as prescribed in said act, but, the claim being rejected, he instituted an action against the state for its recovery, and, having obtained a judgment therefor, it was held, in affirming the judgment, that when the compensation of a laborer is fixed by statute it cannot be reduced by a state officer under whom a laborer is employed, and the fact that he takes for a time a reduced compensation does not estop him from subsequently claiming the residue.   Mr. Justice O'Brien, speaking for the court, in rendering the decision, says : "I am unable to see why the claimant was not a laborer upon the public works of the state, employed as such by an officer of the state, within the meaning of this statute. If the claimant was entitled to its benefits, he is not concluded by the fact that he received pay from time to time at former rates, and signed the pay rolls.   He has not released the state from any of its legal obligations to him.   The superintendent, who is charged with the duty

and vested with the power, under the constitution, of employing all persons necessary in the care and management of the canals, might, notwithstanding this statute, have made contracts for labor and services, before it was passed, upon such terms and at such rates of compensation, as, in his judgment, were most advantageous to the state ; but the finding in this case implies that no such contract was made. The trial court might have found from all the facts and circumstances that the claimant agreed to perform the services for $20 per month, and that compensation at that rate was what the parties intended, but the evidence was of such a character as to render another view possible. At all events, under the circumstances of this case, we feel concluded by the finding. The statute did not take effect until after the claimant was employed, and, if he entered the service under a contract, express or implied, it could not be affected by subsequent legislation. The contract need not be expressed in formal words or in writing, but could be implied from the situation and conduct of the parties and from the circumstances."

In the case at bar there is no finding upon the allegation in the answer that, in pursuance of an agreement entered into between the City of Portland and plaintiff's assignors, they accepted the sum of $20 per month in full payment of their claims. If the court had found that such an agreement existed, that it had been fully executed, and that plaintiff's assignors had accepted the reduced salary in full payment of their claims, such finding would not have supported the judgment rendered, notwithstanding the agreement might have been without consideration. The findings of fact, stripped of their legal conclusions which are not deducible therefrom, support the judgment, which is affirmed.        AFFIRMED.

Decided 27 November, 1899.

ON MOTION TO VACATE ORDER ALLOWING APPELLANT TO
MOVE FOR A REHEARING.

*Mr. Chester V. Dolph*, for the motion.

*Mr. William A. Cleland, contra.*

3.   PER CURIAM.   This is a motion to vacate an order
of this court giving appellant leave to file a petition
within forty days from the rendition of a decision against
it upon a rehearing of the cause granted on petition of
the respondent.   The present decision is adverse to the
appellant, and it has never had the opportunity for pre-
ferring such a petition in the cause, and we think it is
entitled to the privilege, under the rules of the court.
The motion is therefore overruled.

MOTION OVERRULED.

Decided 5 March, 1900.

ON MOTION TO RECALL MANDATE.

*Mr. Joel M. Long*, City Attorney, for the motion.

*Mr. Chester V. Dolph, contra.*

MR. JUSTICE MOORE delivered the opinion.

4.   This is a motion to recall the mandate, that the
judgment may be corrected.   The record shows that on
September 7, 1897, plaintiff having recovered a judgment
for the sum of $9,556.50, with interest at the rate of eight
per cent. per annum from the time the action was com-
menced, January 6, 1897, until paid, the defendant ap-
pealed, giving an undertaking for a stay of proceedings,
with Sylvester Pennoyer and Frank Hacheney as sure-
ties.   The judgment having been affirmed in this court
November 6, 1899, a mandate requiring the trial court to

render judgment against the appellant and said sureties for the sum of $10,068.30, with interest since September 7, 1897, at the rate of eight per cent. per annum, was sent down, and judgment given as therein directed.   An execution having been issued on said judgment, in pursuance of which the property of one of the sureties was seized to satisfy the same, it is contended by appellant's counsel that the mandate directs the entry of a judgment for a greater sum than that originally given in the court below, and requires the payment of interest in excess of the rate prescribed by law.   The interest on $9,556.50, at the rate of eight per cent. per annum from the time the action was commenced until judgment was originally given, is $511.80.   It will be remembered that the mandate directed the entry of a judgment for the sum of $10,-068.30, with interest thereon from September 7, 1897, thereby requiring the appellant and its sureties to pay $88.59 as interest on $511.80 at said rate from the time the judgment was originally given until it was affirmed. The statute provides that upon an appeal this court may affirm, reverse, or modify the judgment or decree appealed from, in the respect mentioned in the notice, and not otherwise :  Hill's Ann. Laws, § 544.  If it be assumed that judgment should originally have been given for the sum of $10,068.30, the failure of the trial court in this respect is not assigned as error in the notice of appeal, and so this court in such case could only affirm the judgment ;  and, having done so, the mandate should have directed the entry of a judgment for the sum of $9,556.50 only, with interest thereon from the time the action was commenced.

5.   At the time the judgment was originally given the statute prescribed that the rate of interest in this state should be eight per cent. per annum, and no more, on judgments for the payment of money:  Hill's Ann. Laws,

§ 3587.    This section was amended by an act of the legislative assembly which took effect October 14, 1898, changing the rate of interest on such judgments to six per cent.:    Laws, 1898, p. 15.    It is insisted that after October 14, 1898, the rate of interest on the judgment should have been no more than six per cent. per annum ; but, the trial court having been directed to give judgment for interest after that date at the rate of eight per cent. per annum, the mandate should be recalled on that account, and corrected in this respect.    In *Seton* v. *Hoyt*, 34 Or. 266 (55 Pac. 967, 43 L. R. A. 634), it was held by this court that a county order indorsed by the treasurer, prior to the passage of said act of October 14, 1898, "Not paid for want of funds,"·created an implied contract between the county and the holder of such order that it should continue to draw interest at the rate of eight per cent. per annum until paid, notwithstanding the amendment changing the rate of interest.    To the same effect see *Shipley* v. *Hachency*, 34 Or. 303 (55 Pac. 971).    In *Missouri Pac. Ry. Co.* v. *Patton* (Tex. Civ. App.), 35 S. W. 477, it is held that a judgment, with interest thereon at the legal rate, affirmed by the supreme court, is not affected by subsequent legislation reducing the legal rate of interest, unless the statute so declares.    In *Butler* v. *Rockwell*, 17 Colo. 209 (17 L. R. A. 611, 29 Pac. 458), it is held that the debt, and the liability for interest thereon, as provided by statute at the date of the judgment, are obligations binding upon the debtor until the judgment is reversed or satisfied, and that it is not in the power of the legislature to alter the rate of interest to which a creditor is entitled upon his pre-existing judgment, Mr. Justice HELM saying :    "It is unquestionably true that a judgment partakes of the nature of a contract sufficiently to supersede the original contract or cause of

35 OR.—31.

action, both as to principal and interest. The original contract or cause of action becomes merged, and the judgment constitutes a new and liquidated debt. This debt, and the liability for interest thereon as provided by statute at the date of the judgment, are obligations binding upon the debtor till the judgment is reversed or satisfied." In *Meyer* v. *Brooks*, 29 Or. 203 (54 Am. St. Rep. 790, 44 Pac. 281), it is held that an action on a foreign judgment is an action on "contract, expressed or implied, for the direct payment of money," within the meaning of Section 144, Hill's Ann. Laws, authorizing attachments in such cases. While there is an irreconcilable conflict in the decisions as to whether a judgment is a contract, within the meaning of a constitutional prohibition against the passage of any acts by the legislative assembly impairing the obligation of a contract, the act of October 14, 1898, does not attempt to modify the interest on judgments which had been rendered prior thereto ; and, this being so, the mandate properly directed the trial court to give judgment for interest at the original rate, notwithstanding the amendment.

6.   It is maintained that the trial court was improperly directed to enter a personal judgment against the sureties, and for this reason the mandate should be returned for correction. It is argued that a judgment having been rendered against the defendant, an incorporated city in this state, for the recovery of money, no execution could be issued thereon for the collection thereof, and that plaintiff, in order to obtain the amount so awarded, was required to present to the city auditor a certified transcript of the docket of the judgment, with a memorandum of the clerk showing the acknowledgment of satisfaction thereof, and demand the issuance of an order on the treasurer for the same, and that unless the transcript contain such memorandum no order upon

the treasurer can be issued :   Hill's Ann. Laws, § 352.
The statute, in prescribing the manner of giving and en-
forcing the decision of this court, provides that, if judg-
ment or decree be given against the appellant, it shall
be entered against his sureties also, in like manner and
with like effect, according to the nature and extent of
their undertaking :   Hill's Ann. Laws, § 546, subd. 4.
In *Ah Lep* v. *Gong Choy*, 13 Or. 429 (11 Pac. 72), it was
held, in construing this section, that, when an appellant
gives an undertaking on appeal which provides for a
stay of proceedings, the respondent is entitled to a judg-
ment against the sureties on the undertaking, if the
judgment appealed from be affirmed.   See, also, *Hol-
brook* v. *Investment Co.*, 32 Or. 104 (51 Pac. 451).   The
sureties on the undertaking for an appeal, having agreed
that the appellant would not only pay all damages, costs,
and disbursements which might be awarded against it,
but also stipulated that if the judgment appealed from,
or any part thereof, be affirmed, the appellant would
satisfy the same so far as affirmed, thereby secured a
stay of the proceedings (Hill's Ann. Laws, § 538) ; and,
having done so, the mandate properly directed the trial
court to render a judgment against the appellant and its
sureties.   Section 352, Hill's Ann. Laws, relates to the
manner of enforcing judgments rendered against public
corporations, and not to the form of the journal entry
thereof.   In consequence of the misstatement of the
amount of the judgment, and the date from which in-
terest thereon should be computed, the mandate must be
recalled for correction unless the respondent shall con-
sent to the remission of the said sum of $88.59 ; and,
upon the filing of a remittal to that effect in the court
below and in this court within ten days, the motion to
recall the mandate will be overruled.

MANDATE MODIFIED.