STATE HIGHWAY COMMISSION, *Appellant, v.*
DeLONG CORPORATION ET AL
(No. 59-323), *Respondents.*

539 P2d 1100

*Leslie B. Hampton,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Farrand M. Livingston,* Portland, argued the cause for respondents. With him on the brief were Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This is a declaratory judgment action. The principal questions between the parties were disposed of by this court in an opinion appearing at 9 Or App 550, 495 P2d 1215, Sup Ct *review denied* (1972), *cert de-*

*nied* 411 US 965, *rehearing denied* 412 US 944 (1973), in which we affirmed the judgment of the trial court in favor of the plaintiff. Following the conclusion of that matter, defendant's surety, Travelers Indemnity Company, paid on or about June 11, 1973, the sum of $4,036,540.80 in claimed satisfaction of that judgment. On that date plaintiff filed its Satisfaction of Judgment Pro Tanto "for the sum of $2,923,815.28 with certain additional interest, costs and disbursements * * * and of plaintiff's attorney's lien herein." Thereafter, on May 1, 1974, defendants moved for an order "that the judgment entered herein on May 23, 1969, has been fully satisfied." After hearing arguments thereon the trial court[1] in September 1974, entered its order granting the defendants' motion. Plaintiff appeals.

This matter involves the construction of one provision of the judgment in relation to the narrow problem of interest after judgment upon prejudgment interest included in the decree, and the application, if any, to that judgment of ORS 82.010(1)(b).

Paragraph 3 of the judgment provides:

"Plaintiff shall be and hereby is granted judgment against the defendants and each of them in the amount of $1,719,864.19, bearing interest at the rate of 6% per annum on the respective portions thereof from the respective dates set forth below:

| AMOUNT | Bearing Interest From: |
|---|---|
| $ 278,554.38 | June 22, 1965 |
| 602,720.42 | July 19, 1965 |
| 242,647.01 | Aug. 27, 1965 |
| 21,062.83 | Oct. 26, 1965 |
| 19,719.74 | Nov. 18, 1965 |
| 69,412.50 | Nov. 24, 1965 |
| 9,356.05 | Dec. 16, 1965 |

[1] We note that the trial judge who entered the original judgment had retired prior to the decision in this matter.

| | |
|---|---|
| 8,283.31 | Feb. 7, 1966 |
| 3,691.50 | Feb. 15, 1966 |
| 6,346.20 | Mar. 14, 1966 |
| 3,266.00 | Apr. 14, 1966 |
| 117,114.86 | Aug. 29, 1966 |
| 7,807.76 | Sept. 14, 1966 |
| 4,151.23 | Sept. 16, 1966 |
| 78,615.55 | Oct. 22, 1966 |
| 73,172.59 | Nov. 22, 1966 |
| 9,720.54 | Dec. 22, 1966 |
| 2,800.37 | Feb. 15, 1967 |
| 156,534.88 | Mar. 16, 1967 |
| 4,886.47 | Apr. 5, 1967 |
| 1,719,864.19" | |

It is agreed by the parties that the sole question is whether interest at the six per cent statutory rate runs on that prejudgment interest after the date of the judgment or whether it terminates on that date and no postjudgment interest accrues thereafter.

In their brief, defendants summarize their argument on this narrow issue as follows:

"The language of paragraph 3 of the declaratory judgment of May 23, 1969, is clear. It awards plaintiff judgment against the defendants '* * * in the amount of $1,719,864.19, bearing interest * * * on the respective portions thereof from the respective dates set forth below * * *'. When this judgment is construed in light of the provisions of ORS 82.010(1)(b), which provide that judgments for the payment of money will bear interest '* * * from the date of the entry thereof *unless some other date is specified therein* * * *'. (Emphasis supplied.) It is clear that plaintiff is not entitled to receive post-judgment interest on a sum representing the total of all interest accruing to the date of judgment."

In essence, then, defendants assert that while plaintiff is entitled to interest prior to judgment on the

above 20 items as set forth in the judgment, supra, from the dates specified therein, it is not entitled to interest on that interest after the date of the judgment, but only to postjudgment interest on the aggregate principal of those 20 items, which together make up the figure of $1,719,864.19.

Plaintiff commission contends that under the judgment the prejudgment interest on the 20 items merges into the judgment and that postjudgment interest runs on the entire amount until payment. The amount of interest which had accrued on the 20 items computed as required under paragraph 3 as of the date of judgment of May 23, 1969, was $355,724, according to plaintiff's brief. This prejudgment interest was included in the amount paid by defendants into court on June 11, 1973. No postjudgment interest on that sum has been paid.

In construing the judgment we find it helpful by way of background to consider the letter opinion of the trial judge of January 31, 1969, which according to its terms constituted his findings of fact.[2] In the course of that letter the court said:

"* * * * *

"The Columbia River is one of the nation's large rivers and the bridge was to be constructed across its estuary. The building of the substructure was subject to the problems of transversing several miles underwater, in a swift current, and complicated further by the ebb and flow of the tide. This project required vision and vigor on the part of all participants.

---

[2] We note this "letter opinion," for reasons we do not understand, was never filed of record in this case. However, defendants, who, though respondents here, were appellants in the original appeal, did include that letter in the abstract of record filed by them in the first appeal. We thus consider it as an acknowledged part of the record here. Since that "letter opinion" contained the only findings of fact and conclusions of law made in the original trial, we treated it as such in our former opinion.

"In April, 1964, Plaintiff terminated Defendant's contract basically for the failure of Defendant to remove and replace the bad concrete seal at Pier 169 and to prosecute with vigor the balance of the work at hand, the Court hereby finds that said cancellation was valid and proper.

"The Plaintiff re-advertised and re-let the contract and the substructure work was subsequently completed by another contractor, to the Plaintiff's damage in the amount of $12,464,810.77, in the principal amount. This to draw interest from the respective dates expended by the Plaintiff, as per Exhibit 'E' attached to the Fifth Amended Complaint.

"\* \* \* \* \*

"However, the Plaintiff is entitled to an additional amount other than stated above, in the form of liquidated damages, occasioned by the delay caused by the Defendant, for a period of 476 days at $2,000.00 per day, or the amount of $952,000.00.

"Plaintiff notified the Defendant that they elected to take possession of certain materials and equipment on the job site at the time of the termination. This, Plaintiff had a right to do, under the terms of the contract, in order for the Plaintiff to turn over said materials and equipment to a subsequent contractor, and in computing the damages above Defendant was given credit for value of said materials and equipment.

"\* \* \* \* \*"

The trial court found that defendant DeLong had failed to perform its part of the contract with the state highway commission. After this breach the commission had a right under the contract to treat it as terminated and to call for bids to complete the unperformed portion of the work. The commission did call for bids and hired another contractor to complete DeLong's work. As can be seen from the third para-

graph of the court's findings quoted above, the 20 amounts separately specified in paragraph 3 of the judgment each represented a cash payment made by the highway commission, on the date specified, to the successor contractor for completion of the work. Thus in effect these payments were made on DeLong's account to complete the contract it had breached.

Our previous affirmance of this judgment confirmed the correctness of those trial court findings including the allowance of prejudgment interest on each of the aforesaid cash advances made by the commission. Furthermore, while the judgment does express in paragraph 3 the dates from which the prejudgment interest begins to run, nowhere does it, nor do the findings, state or imply that postjudgment interest begins to run from any date different from the date of judgment as otherwise required by the statute. Nor does it state or imply that postjudgment interest does not run on the prejudgment interest.

Lastly, we note that paragraph 4 of the judgment in awarding liquidated damages states:

"Plaintiff shall be and hereby is granted judgment against the defendants and each of them in the further sum of $952,000.00, *without interest prior to judgment.*" (Emphasis supplied.)

We think this provision by reasonable implication further supports our view that had the trial judge intended to invoke the italicized portion of the statute, infra, to deny postjudgment interest as to any part of the amounts awarded in paragraph 3 otherwise mandated by the statute, it would have said so.

We believe, from the court's specific reference both in paragraph 3 and paragraph 4 to the question of prejudgment interest and its total failure either in its findings or judgment to specify "some other date" than that of the judgment from which the postjudg-

ment interest should begin to run, that it had no intention to depart from the mandated statutory requirement that interest is payable on "judgments * * * for the payment of money from the date of entry thereof." ORS 82.010(1)(b). Since no "other date" was "specified" in the judgment nor any statement that no postjudgment interest was included, the statutory exclusionary clause does not apply. *See: Gow v. Multnomah Hotel, Inc.,* 191 Or 45, 224 P2d 552, 228 P2d 791 (1950); *Brauer v. City of Portland,* 35 Or 471, 58 P 861, 59 P 117, 60 P 378 (1899); *Graham v. Merchant,* 43 Or 294, 72 P 1088 (1903).

We think it clear, therefore, that the prejudgment interest, though not actually computed for entry in terms of dollar value in the judgment on each of the 20 items, necessarily became a part of the total judgment entered against the respective defendants. Such computation was itself simply an arithmetical task, ministerial in nature, not requested, so far as we are advised, at that time by either party. As such, it was intended to and did merge in the judgment.

In their brief defendants acknowledge

"* * * the proposition that a judgment may be entered by a trial court which contains an award for pre-judgment interest in such a manner that the entire amount of that judgment (including pre-judgment interest) will bear post-judgment interest. As indicated above, defendants do not quarrel with this rule, believing that the case of *Graham v. Merchant* [43 Or 294, 72 P 1088 (1903)] stands for exactly this proposition. * * *"

They go on, however, to state their position as follows:

"* * * However, the question before the court at this time presents a much more direct and narrow issue which does not call for the application of the general rule advanced by the plaintiff. The

question before the court at the present time *is not* whether an Oregon court can or should enter a judgment which would provide for the payment of post-judgment interest on an award of pre-judgment interest. The issue before this court is whether the judgment of May 23, 1969, when construed in light of the provisions of ORS 82.010, directs the payment of post-judgment interest on pre-judgment interest? * * *" (Emphasis theirs.) ORS 82.010, so far as here relevant, provides:

"(1)  The legal rate of interest is six percent per annum and is payable on:

"(a)  All moneys after they become due; * * *

"(b)  Judgments and decrees for the payment of money from the date of the entry thereof *unless some other date is specified therein * * *.*" (Emphasis supplied.)

They rely on the clause "unless some other date is specified therein" as being sufficient here to take this case out from under the general rule that postjudgment interest is allowable on prejudgment interest included in the decree. Here, however, we have concluded, for the reasons set forth above, that prejudgment interest on the 20 enumerated items in paragraph 3, though not arithmetically extended into dollars, was included in the decree.

Since in view of its holding the trial court here did not determine the dollar amount of the postjudgment interest due on the prejudgment interest, it is necessary that this matter be remanded to it for determination of that sum and entry of order accordingly.

In view of the foregoing we find it unnecessary to consider the remaining matters urged upon us.

Reversed and remanded.