[Argued December 3, 1894; decided January 14, 1895.]

# DEERING *v.* QUIVEY.

(*Deering* v. *Creighton*, 38 Pac. 710.)

1. APPEALABLE ORDER—VOID ORDER OR JUDGMENT.—An order or a judgment made by a court at a time when it had no power to do so is void, and is reviewable on appeal: *Trullenger* v. *Todd*, 5 Or. 36, cited and approved.

2. VACATING JUDGMENT—EXCUSABLE NEGLECT—CODE, § 102.—A judgment on a demurrer to a pleading will not be vacated on the ground of mistake, inadvertence, surprise, or excusable neglect, under section 102 of Hill's Code, because the attorney for defendant failed to discover in time that the notice of appeal had not been served as he had directed.

3. POWER OF COURT TO VACATE JUDGMENT—JURISDICTION.—Every court of record has an inherent right to correct, modify, or vacate its orders and judgments during the term at which they were entered, or while the proceedings remain under consideration and not finally disposed of; but after the term has closed, unless the cause is continued by some appropriate proceeding, the orders and judgments can be vacated or modified only for some cause that was not apparent to the court at the time the orders were made, or for want of jurisdiction over the parties. Thus, where a party elected to stand on a demurrer, intending to appeal, but the deputy sheriff failed to serve the notice of appeal in time, the court cannot at a subsequent term set aside the judgment, and permit defendant to answer, for the power of the court over the judgment ceased with the end of the term at which is was rendered.

4. JUDICIAL NOTICE.—The supreme court will take judicial notice of the regular terms of the various circuit courts under the statute: *Holcomb* v. *Teal*, 4 Or. 353, cited and approved.

APPEAL from Benton: J. C. FULLERTON, Judge.

This is an action by William Deering and Company against the partnership of Creighton & Quivey, and comes here on appeal from an order of the Circuit Court of Benton County vacating a judgment of that court, and permitting the defendants to file an answer. The transcript shows that a demurrer to the complaint having been overruled, the defendants refused to further plead or answer, and judgment was on April fourteenth, eighteen

hundred and ninety-two, rendered against them. It also appears from the affidavit of their attorney, filed on November twenty-fifth of that year, that they had a valid and meritorious defense to the action, but, believing that said demurrer constituted a legal defense, suffered judgment to be rendered against them, intending to test the issue of law raised thereby upon appeal to this court; and that he, for such purpose, in proper time, prepared a notice of appeal, and took it to the office of the sheriff of said county for service, but, finding said officer absent therefrom, left it with the deputy clerk, who promised to deliver it to the sheriff upon his return. Believing said notice had been served, the appeal was otherwise perfected, and the transcript filed in this court. The cause was set for hearing, and he prepared a brief therefor, but did not discover that said notice had not been served until after November twenty-third, which was too late to take an appeal. He also filed with said affidavit copies of said notice, and the undertaking on appeal, and tendered an answer, duly verified by the defendants, and moved the court to set aside and vacate said judgment, and permit said answer to be filed. This motion was on June fifth, eighteen hundred and ninety-three, granted, and an order made by the court vacating said judgment, and permitting said answer to be filed, from which order and judgment the plaintiffs appeal.                              REVERSED.

For appellant there was a brief and an oral argument by *Messrs. John R. Bryson* and *W. S. McFadden.*

For respondent there was a brief and an oral argument by *Mr. Lawrence Flinn.*

Opinion by MR. JUSTICE MOORE.

1. The first question properly to be considered is whether the order complained of is a final judgment, and

reviewable in this court. If the court had no power to make the order at the time it was made, the judgment rendered would be void, and an appeal would lie to review it: *Trullenger* v. *Todd*, 5 Or. 36. Mr. Chief Justice FULLER, in *Hume* v. *Bowie*, 148 U. S. 245, 13 Sup. Ct. 582, in commenting upon an order of the court vacating a judgment, said: "The question involved is one of power, for if the court had power to make the order when it was made, then it was not a final judgment, as it merely vacated the former judgment for the purpose of a new trial upon the merits of the original action. If the court had no jurisdiction over that judgment, the order would be an order in a new proceeding, and in that view final and reviewable."

2. The statute provides that the court "may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment taken against him through his mistake inadvertence, surprise, or excusable neglect": Hill's Code,· § 102. It cannot be successfully contended that there was any mistake, inadvertence, surprise, or excusable neglect on the part of the defendants when they elected to rely upon their demurrer to the complaint, and suffered judgment to be rendered against them for want of an answer. "A motion or proceeding," says Mr. Black in his work on Judgments, § 330, "to vacate or set aside a judgment cannot be sustained on any grounds which might have been pleaded in defense to the action, and could have been so. pleaded with proper care and diligence." Relief will not be granted when a party has knowingly acquiesced in the judgment complained of, or has been guilty of laches and unreasonable delay in seeking his remedy: *Craig* v. *Worth*, 47 Md. 281; *Elder* v. *Bank of Lawrence*, 12 Kan. 242. The defendants had an opportunity to plead to the complaint, but they voluntarily declined to do so, and consented to and knowingly acquiesced in the judgment which was ren-

dered.   The liberal provisions of the statute above quoted
are intended for the benefit of those who, by reason of any
of the causes there assigned, have not had their day in
court.   The defendants, having had this right, can not
claim any relief under that section of the statute.

3.   The remedy, if there is any in this case, must be
based upon the inherent right of every court of record to
correct, modify, or vacate its judgments and decrees.
This right, however, exists only while the proceedings
of the court remain in the breast of the judges, or during
the term at which the judgment or decree was rendered;
and at the close of such term all final proceedings had
therein become conclusive, and the court loses jurisdiction
of them: Freeman on Judgments (3d ed.), § 69.   "When
a final judgment," says PLEASANTS, J., in *Brewster* v. *Nor-
fleet* (Texas Civ. App.), 22 S. W. 226, "has been rendered
in a cause, and the term of the court has expired, the
jurisdiction of the court over the subject matter of litiga-
tion is gone; and the court has no power to set aside the
judgment, and to hear the case anew, for the purpose of
correcting errors committed upon the former trial."   This
was the rule of the common law, and, unless modified by
statute, still prevails in most of the state courts.   The
court is authorized to vacate or annul its judgments after
the term at which they were rendered only for causes which
show that they are unjust by reason of some facts not ap-
parent to the court at the time they were rendered, or for
want of jurisdiction over the parties: 1 Black on Judg-
ments, § 306; Freeman on Judgments (3d ed.), § 96; 12
Am. and Eng. Ency. 126.   The right to obtain a modifica-
tion or vacation of a judgment may be extended by mo-
tion or other proper proceeding filed, but undisposed of,
during the term at which the judgment was rendered, thus
keeping "in the breast of the judges of the court" all
matters which have not become a part of the judgment

roll: 1 Black on Judgments, § 306.   Every term of court provided by law continues until the call of the next succeeding term, unless previously adjourned *sine die:* Freeman on Judgments (3d ed.), § 90.   "In this country," says Mr. Justice MILLER, in *Bronson* v. *Schulten*, 104 U. S. 410, 'all courts have terms and vacations.   The time of the commencement of every term, if there be half a dozen a year, is fixed by statute, and the end of it by the final adjournment of the court for that term.   This is the case with regard to all courts of the United States, and if there are exceptions in the state courts they are unimportant. It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and that they may be set aside, vacated, modified, or annulled by that court.

4.   This court will take judicial notice that a regular term of the circuit court was held in Benton County, commencing on the fourteenth day of November, eighteen hundred and ninety-two, or the second Monday in said month: *Holcomb* v. *Teal*, 4 Or. 352; Hill's Code, § 2329.   The transcript before us does not show that there was any adjournment *sine die* of the April term of said court in eighteen hundred and ninety-two, and hence, in the absence of any record evidence to the contrary, it may be presumed that it continued until the call of the November term of that year.   But this cannot avail the defendants, for their motion to vacate the judgment was not filed until after the commencement of the November term, to wit: on November twenty-fifth, eighteen hundred and ninety-two, and hence there was nothing in the breast of the judge of the court to keep alive any jurisdiction over the said judgment.   The court, therefore, was without power to vacate its former judgment, and its action in so doing is review-

able in this court as a void judgment in a new proceeding, which must be reversed and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.

Justice WOLVERTON, having participated in the trial of this cause in the court below, took no part at the hearing or decision in this court upon the appeal.

REVERSED.