## HENRICHSEN *v.* SMITH.

[42 Pac. 486; 44 Pac. 496.]

1. JURISDICTION OF SUPREME COURT—APPEAL—CODE, § 541.—The supreme court does not acquire jurisdiction to hear and determine an appeal under Hill's Code, § 5-1, unless the transcript is filed by the second day of the next term after the appeal is perfected, or within such further time as may be allowed in the manner provided by law.

2. ABANDONED APPEAL—RULES OF SUPREME COURT.—Rule 14 of the supreme court authorizing the affirmance of a judgment on an abandoned appeal does not apply to a judgment which has been set aside after an appeal has been initiated; nor does it give the supreme court jurisdiction to determine any question involved in the case.

3. APPEALABLE ORDER—JURISDICTION OF COURT.—Where notice of appeal was served and filed, the bond was given, and an order extending beyond the term the time for presenting a bill of exceptions was made before adjournment of the term, such order operated to retain jurisdiction in the trial court, so that a subsequent order made after the term is not appealable on the ground that it is void: *Deering* v. *Quivey,* 26 Or. 556, cited and approved.

4. POWER OF JUDGE TO SIGN BILL OF EXCEPTIONS—NEW TRIAL.—Failure of an appellant who has served notice of appeal with an undertaking therefor, to submit his bill of exceptions within the time limited by the trial judge after the expiration of the term, does not prevent the judge from thereafter signing the bill of exceptions or vacating the judgment: *Che Gong* v. *Stearns,* 16 Or. 219, approved and followed.

5. DEATH OF TRIAL JUDGE—DUTY OF SUCCESSOR TO SETTLE AND SIGN BILL—NEW TRIAL.—A judgment is properly vacated and a new trial granted, where an appeal has been taken therefrom and the trial judge dies before signing the bill of exceptions which presents disputed issues of fact, and the judge who succeeds him in office refuses to sign the bill because of his ignorance of the facts.

6. OFFICIAL REPORTER'S NOTES—BILL OF EXCEPTIONS.—Laws, 1889, page 144, making the notes of the official stenographic reporter, when transcribed and certified by him, merely *prima facie* evidence of the facts stated therein, does not require the successor of a trial judge who died after having, within the term, extended beyond the term the time for presenting the bill of exceptions, to settle and sign the bill on the strength of such notes, if the facts are disputed. It is proper in such case to grant a new trial.

From Multnomah: HENRY E. McGINN, Judge.

Decided November 18, 1896.

## ON MOTION TO AFFIRM.

This is a motion under Rule 14 to affirm a judgment on an alleged abandoned appeal. In February, eighteen hundred and ninety-five, plaintiff recovered a judgment against the defendant in the Circuit Court of Multnomah County, before the late Judge HURLEY, from which he took an appeal a short time afterwards, by serving a notice thereof, and filing the same with proof of service, together with an undertaking in the court below, and in due time prepared and presented to the trial judge his bill of exceptions for allowance, but before the same could be settled the judge died, whereupon Judge McGinn,— successor of Judge Hurley,— before the time for filing the transcript had expired, set the judgment aside, and ordered a new trial upon defendant's motion, on the ground that, having no authority to sign a bill of exceptions in a case tried before his predecessor, the defendant would be deprived of the right of appeal if his motion was denied. The appellant therefore proceeded no further with his appeal, and the respondent now brings into court a copy of the judgment, undertaking, notice of appeal, and proof of service thereof, and moves for an affirmance under Rule 14.      DENIED.

. . For the motion there was an oral argument by *Mr. T. Harris Bartlett.*

*Contra* there was an oral argument by *Mr. Roscoe R. Giltner.*

Per Curiam.  1.  From this statement it will be
seen that the question sought to be determined in
this proceeding is the validity of the order of Judge
McGinn setting aside the judgment and granting a
new trial, but we have no jurisdiction to determine
that question.  Under the statute this court does
not acquire jurisdiction to hear and determine a
cause unless the transcript is filed by the second
day of the ensuing term after the appeal is per-
fected, or within such further time as may be al-
lowed in the manner provided by law: Hill's Code,
§ 541.  The requirements of this section have not
been complied with, and hence the court is without
jurisdiction.

2.  In case of an abandoned appeal, it has been
the practice since *Hadley* v. *Heatherly*, 2 Or. 117, for
respondent to bring into this court certain portions
of the record, and have the judgment affirmed *pro
forma*, and out of this practice has grown what is
now Rule 14, but it has never been supposed that
by such a proceeding it acquired jurisdiction to
hear and determine the cause or any question at
issue therein.  This practice simply provides a
means by which respondent may have the fact that
an appeal has been abandoned made a matter of
record, but it cannot be used for the purpose of de-
termining any controverted questions in the case.
By the order of Judge McGinn, which, for the pur-
pose of the case, must be assumed to be valid, the
judgment from which the appeal was taken ceased
to exist, and the defendant was not required to file

a transcript, and hence the rule in reference to abandoned appeals does not apply. It follows that the motion must be denied, and it is so ordered.

MOTION TO AFFIRM DENIED.

Decided April 6, 1896.

ON MOTION TO DISMISS APPEAL.

This is a motion to dismiss an appeal. The record discloses that on March fourth, eighteen hundred and ninety-five, the defendants attempted to appeal from a judgment rendered against them in favor of plaintiff, by serving and filing a notice and undertaking therefor; that on May fourth, an order having been first made extending the time for submitting a bill of exceptions, the term of court at which the said judgment was rendered was adjourned *sine die;* that on May twenty-second, and two days after the expiration of the time limited therefor, the defendants presented to the late Judge Hurley, who tried the action, their bill of exceptions, whereupon the court made an order permitting the plaintiff to suggest corrections or make objections thereto; that on July twentieth, and after the usual order had been made continuing to the next term all actions, suits, and proceedings then pending in said court, the May term thereof expired by adjournment. On September tenth Judge Hurley died, without having signed the bill of exceptions, and was succeeded in the office by Judge Henry E. McGinn, who, having no knowledge of the history of the trial except such as was obtainable from an

inspection of the official stenogrphic reporter's certified report thereof, declined to sign the bill of exceptions, and, upon motion of the defendants, set aside the judgment and granted a new trial, from which last order the plaintiff appeals.

DISMISSED.

For the motion there was an oral argument by *Mr. T. Harris Bartlett.*

*Contra* there was an oral argument by *Mr. Roscoe R. Giltner.*

PER CURIAM. 3. The defendants' counsel, in support of the order, contends that it is not a final judgment, and therefore not appealable; while the plaintiff's counsel insists that, the term of court at which the judgment was rendered having expired, the order permitting the defendants to thereafter submit a bill of exceptions was not such a proceeding as would authorize the court at a subsequent term to vacate the judgment, and, having done so, its order is a void judgment, to correct which an appeal will lie. The question presented for consideration involves the power of the court to make the order complained of, for it must be concluded that if the court at the time it was made had the authority to vacate the judgment and grant a new trial, its order to that effect did not terminate the action, and is not appealable: [*Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309); *McBride* v. *Northern Pacific Rail road Company* 19 Or. 64 (23 Pac. 814); *Beekman* v. *Hamlin*, 23 Or. 313 (10 L. R. A. 454, 31 Pac. 707);]

but, if the court had lost jurisdiction of the judgment, it was without power to set it aside, and its order in that respect is a void judgment, and therefore reviewable on appeal: *Trullenger* v. *Todd*, 5 Or. 36; *Hume* v. *Bowie*, 148 U. S. 245 (13 Sup. Ct. 582); *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710). In *Bronson* v. *Schulten*, 104 U. S. 410, Mr. Justice MILLER, in discussing the power of a court at a subsequent term to vacate its judgments, says "That after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them." The doctrine announced in that case was approved in *Deering* v. *Quivey*, 26 Or. 556, (38 Pac. 710,) and has become the rule of practice in this state; and the only inquiry remaining is whether the court, by the order permitting the defendants at a subsequent term of the court to present their bill of exceptions, retained jurisdiction over the judgment. The service of the notice of appeal, and filing the same with an undertaking therefor, manifest an intention to take an appeal, and the order extending the time beyond the term must be considered as a step taken to modify or correct judgment, and, having been made before the adjournment of the term, kept the cause in the "breast of the court," and jurisdiction of the judgment was thereby retained.

4. Nor could the failure of the defendants to submit their bill of exceptions within the time limited defeat the right to vacate the judgment, or

exhaust the power of the judge thereafter to sign the bill of exceptions: *Che Gong* v. *Stearns*, 16 Or. 219 (17 Pac. 871). Indeed, counsel for the plaintiff admits in the argument that by mandamus the judge could have been compelled to settle and sign it.

5.    There is quite a conflict of judicial authority as to the proper person to sign a bill of exceptions under the conditions hereinbefore stated: 3 Ency. of Pleading and Practice, 455. In England it is held that if a party, without his fault, lost the benefit of his bill of exceptions by reason of the death of the trial judge, the judgment should be set aside and a new trial ordered: *Newton* v. *Boodle*, 54 Eng. Com. Law Rep. 794. So, too, in *Benett* v. *Steamboat Company*, 81 Eng. Com. Law Rep. 28, it was held that if a party, by reason of the ill health of the trial judge, was unable to obtain his signature to a bill of exceptions, a new trial must be granted. In Michigan, prior to the passage of the statute making the reporter's extended notes evidence from which the successor of the trial judge may sign a bill of exceptions, it was held that if the judge who tried the action died, resigned, or his term of office expired, without having signed the bill, the judgment must be set aside, and a new trial ordered: *Scribner* v. *Gay*, 5 Mich. 511; *Tefft* v. *Windsor*, 17 Mich. 425; *People* v. *Judge of Superior Court*, 40 Mich. 630; *Stebbins* v. *Field*, 41 Mich. 373; *People* v. *Judge*, 41 Mich. 726 (49 N. W. 925). In Indiana, however, it has been held that the successor of the judge who tried the action was the proper person

29 OR.—33.

to sign the bill of exceptions, but Judge Elliott, whose learning added luster to the court of that state, in his work on Appellate Procedure, § 799, criticizes the decisions to that effect and says: "It is difficult for us to escape the conclusion that the courts are right which hold that the successor of the judge who tried the case cannot sign a bill of exceptions where there is a disputed question of fact, that is, a dispute as to what the bill should contain, and that the proper course where there is no judge who can sign is to award a new trial."

6. A mandamus will not be issued to compel the successor of the judge who tried the action to sign a bill of exceptions, in the absence of a statute making the extended notes and certified report of the official reporter conclusive evidence of the facts therein settled: Merrill on Mandamus, § 194. The act creating the office of official court reporter in this state provides that his notes, when transcribed and certified to by him as being correct, shall be deemed *prima facie* so, (Laws, 1889, p. 144,) but it is not provided that such report shall be sufficient evidence from which the successor of the judge who tried the action shall settle and sign a bill of exceptions. The exceptions, when signed, import absolute verity, and, in the absence of a statute declaring the report and certificate of the official reporter of that high character, it would be difficult indeed, in case of a disputed issue of fact, for a judge who had not heard or given attention to the trial of an action to so certify. There is nothing

before us to show that the bill of exceptions presented a disputed issue of fact to be settled by the judge, but it must be presumed that such was the fact, and if it is not so, the action of the court in setting aside the judgment might be an irregularity which could be reviewed upon appeal in case judgment should subsequently be rendered against the plaintiffs. It follows that the motion is allowed, and the appeal dismissed.          DISMISSED.