[Decided November 22, 1897.]

### ALEXANDER *v.* LING.

(50 Pac. 915.)

</div>

JURISDICTION TO VACATE JUDGMENT.*—A judgment cannot be vacated after the expiration of the term wherein it was rendered on the ground that the trial judge had died before settling and allowing a bill of exceptions, where such bill was filed with the judge, but a copy was not properly served on opposing counsel, and no general order was made continuing all unfinished business.

From Multnomah: HENRY E. McGINN, Judge.

Action by A. M. Alexander against Moy Ling to recover on a promissory note. From an order vacating a judgment in his favor, defendant appeals.

<div align="right">REVERSED.</div>

For appellant there was a brief over the name of *Woodward & Woodward,* with an oral argument by *Mr. John H. Woodward.*

For respondent there was a brief over the name of *Lord & Potter.*

<hr>

*NOTE.—On this subject see *Henrichsen* v. *Smith,* 29 Or. 475.—REPORTER.

Opinion by Mr. Justice Wolverton.

The facts upon which the sole question in this case hinges are, in brief, as follows: On April 29, 1895, judgment was entered upon the verdict of a jury in favor of defendant and against plaintiff for costs and disbursements, taxed at $75.50, and plaintiff was allowed thirty days to prepare a bill of exceptions. By subsequent orders of the court the time was further extended to June 24, 1895. On the last named date plaintiff delivered to Judge Hurley, who presided at the trial, his bill of exceptions, but failed to serve a copy upon the opposing counsel, as required by the rules of the circuit court. Judge Hurley died on September 10 following, and Henry E. McGinn was appointed his successor. Nothing further appears to have been done in the matter until September 27, 1895, when a motion was filed to set aside and vacate the judgment, based upon an affidavit suggesting the death of Judge Hurley, and that he had not allowed or settled the said bill of exceptions. The motion was allowed October 7, 1895, and a new trial ordered. In the meantime, and prior to the filing of the motion, the regular term of the court had expired, and the succeeding one begun. Defendant appeals from the order vacating the judgment in his favor. The court has no power to vacate or set aside a judgment after the term at which it is rendered, unless appropriate steps have been taken during the term to that purpose, except that, under section 102 of Hill's Annotated Laws of Oregon, it may at any time within a year relieve a party from a judgment or order taken against

him through his mistake, inadvertence, surprise, or excusable neglect. Plaintiff does not bring himself within the provision of said section, nor is it so claimed; neither can it be said that any steps had been taken to vacate the judgment within the term. Had the settlement of the bill of exceptions been a matter pending, and there had been a general order continuing all unfinished business, as counsel for plaintiff claims, these conditions might have been sufficient to have carried the matter over to the succeeding term, and justified the court in the action complained of. But the transcript fails to show the entry of any such general order; nor do we think the matter was pending upon the settlement of the bill of exceptions, as the plaintiff had failed to serve opposing counsel with a copy thereof, as required by rule No. 20 of that court. The failure to serve the copy as required was, no doubt, the very reason why the bill of exceptions was not settled and allowed by Judge Hurley, as he had ample time to have done so. These considerations render the order appealed from void, as beyond the power of the court to make it, and it is therefore reversed, leaving the original judgment rendered upon the verdict unaffected thereby.

Reversed.