Decided 3 November, 1905.
### LIVESLEY v. JOHNSTON.
82 Pac. 854.

APPEAL—RECALLING AND CORRECTING MANDATE.*

1. The supreme court has power, at any time during the term at which an appeal was disposed of, or to which supplemental matters connected with the appeal may have been continued, to recall the mandate because inadvertently or inaccurately issued: *Ah Lep* v. *Gong Choy*, 13 Or. 429, 430, and *Morrell* v. *Miller*, 28 Or. 354, 370, distinguished on this point, and *State* v. *Pennoyer*, 205, 215, approved.

* NOTE.—See notes in 24 Am. St. Rep. 915, 39 Am. St. Rep. 335, and 44 Am. St. Rep. 212, on Power to Amend Records and When Amendment May be Made.

—REPORTER.

47 OR.—— 13

APPEAL — EFFECT OF UNDETERMINED MATTERS ON JURISDICTION.

2. A motion or other proper suggestion to a court serves to continue the jurisdiction of the court over the matter referred to until it is disposed of, though it be not until a subsequent term.

RECALLING MANDATE ISSUED ON MISTAKE OF FACT.

3. Where appellant's counsel was led to sign a stipulation for the dismissal of an appeal as to one of the parties on the latter's false statement that he had settled all matters with appellant, such stipulation was based on a mistake of fact, entitling appellant to repudiate the same and obtain a recall of the mandate dismissing the appeal.

Motion to recall a mandate.        MANDATE RECALLED.

*Mr. A. M. Cannon* and *Mr. Henry Johnson Bigger* for the motion.

*Mr. Woodson Taylor Slater* and *Mr. Wirt Minor*, contra.

PER CURIAM. This is a motion to recall a mandate. T. A. Livesley and John J. Roberts, partners as T. A. Livesley & Co., commenced a suit against John Johnston, Jr., and Adolph Wolf and Julius Wolf, partners as Adolph Wolf & Son, and the Southern Pacific Co., a corporation, to compel the specific performance of Johnston's agreement to deliver to them 20,000 pounds of hops grown in 1903, alleging Johnston's insolvency as a ground for the equitable relief invoked. A temporary injunction was issued to restrain the defendants from disposing of the hops, but a demurrer to the complaint was sustained, the injunction dissolved and the suit dismissed. The plaintiffs appealed from that decree, which was reversed, the demurrer overruled and the cause remanded : *Livesley* v. *Johnston*, 45 Or. 30 (106 Am. St. Rep. 647, 76 Pac. 946, 65 L. R. A. 783). In the mean while the hops grown in 1903 were shipped out of the State by the defendants, and a supplemental complaint was filed, alleging this fact and praying for the damages sustained. The cause was tried on the amended issues and plaintiffs recovered the sum of $2,500, from which decree the defendants appealed.

At the time that decree was given there was also another decree rendered against Johnston in a suit instituted by

Livesley & Co., compelling him specifically to perform his agreement to deliver to them 20,000 pounds of hops grown in 1904. After the findings of fact had been made in the former suit, but before the decree passed, Johnston settled the latter case by delivering to Livesley & Co. the hops decreed them, and by a new contract further agreed annually to deliver to them 20,000 pounds of hops for the years 1905 to 1907, inclusive, in accordance with the terms of his original contract. The plaintiffs' counsel, considering that the new agreement was tantamount to a settlement of the decree in the case at bar, so far as Johnston was concerned, informed defendants' counsel that in consequence thereof they intended to move to dismiss the appeal herein as to that party. The defendants' counsel thereafter saw Johnston, who stated that he had settled all matters with Livesley & Co., and, based on this information, a written agreement was entered into that the appeal should be dismissed as to Johnston, but it was not stipulated therein that his discharge should be without prejudice to any of the other parties. The stipulation was filed in this court July 3, 1905, and three days thereafter a decree was rendered in accordance therewith, and against Johnston and the sureties on the undertaking on appeal, for the sum of $2,500, and the costs and disbursements of the suit. Based on this decree, a mandate was issued and sent to the court below, where defendants' counsel objected to the entry thereof, and further proceedings thereon were stayed by an order of a justice of this court until the matter of recalling the mandate could be heard.

1. The parties appearing pursuant to notice, plaintiffs' counsel insists that jurisdiction of the cause, so far as it relates to Johnston, was lost by sending down the mandate, and that this court is powerless to recall it. In *Ah Lep* v. *Gong Choy*, 13 Or. 429 (11 Pac. 72), it is intimated that the authority to recall a mandate after it has been trans-

mitted to the court below is very doubtful. This statement is not borne out by the weight of adjudged cases nor consonant with the rule prevailing in this court, where the practice has been to recall a mandate after it has been received in the court below, for the purpose of correcting an error or irregularity therein or an inadvertence in issuing it: *State* v. *Pennoyer*, 26 Or. 205 (41 Pac. 1104). In *Morrell* v. *Miller*, 28 Or. 354 (43 Pac. 490, 45 Pac. 246), a doubt is expressed as to the right of this court to recall a mandate after the expiration of the term at which the judgment or decree is given upon which the remittitur is based. In California, however, it is held that when an order dismissing an appeal has been improvidently granted, predicated upon a false suggestion or under a mistake as to the facts, the appellate court, invoking the principle that its jurisdiction cannot be divested by an irregular order, will recall a mandate, even after the expiration of the term at which the order was made: *Rowland* v. *Kreyenhagen*, 24 Cal. 52; *Vance* v. *Pena*, 36 Cal. 328.

2. In the case at bar it is not necessary to invoke the rule prevailing in the sister State, which is stated only to illustrate the doctrine applied herein, for the motion to recall the mandate was filed during the term at which the decree dismissing the appeal as to Johnston was given, to wit: September 13, 1905, and, though the matter was not heard until the next month, the application kept the proceedings alive and carried them over into the succeeding term: *Bronson* v. *Schulten*, 104 U. S. 410 (26 L. Ed. 797); *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710); *Henrichsen* v. *Smith*, 29 Or. 475 (42 Pac. 486, 44 Pac. 496). The preponderance of judicial authority concedes the power of a court of record at any time during the term at which a judgment is rendered to set it aside, when it was improvidently given in consequence of a false suggestion or under a mistake of facts. It necessarily follows from this prin-

ciple that, when a court is vested with authority to set aside a judgment or a decree, it also possesses, as an incident to the exercise of that power, the inherent right to recall any writ or order based on the conclusion reached.

3. The remaining question is whether the stipulation entered into by counsel for the respective parties was procured under such circumstances as to show that the decree dismissing the appeal as to Johnston was improvidently given. The affidavits of the plaintiffs, T. A. Livesley and John J. Roberts, respectively, show that the settlement effected with Johnston did not relate to the hops which he raised in 1903, the right to the possession of which was controverted in this suit. Johnston made an affidavit for each of the parties. In the first, which was prepared for the defendants, he states that he met one of appellants' counsel in Salem after the appeal in this case had been taken, and told him he had settled all matters with Livesley & Co. In his subsequent affidavit, made at plaintiffs' request, he denies that he made such statement to appellants' counsel. The material parts of Johnston's later affidavit are denied in every particular by the affidavit of one Thomas Brown, a notary public, who administered to Johnston the oath he took in preparing the prior affidavit. From an examination of the affidavits of the respective parties and a consideration of all the circumstances attending the execution of the stipulation to dismiss the appeal, we conclude that the statements contained in Johnston's later affidavit, that controvert those of the prior declaration under oath, are false. Johnston told appellants' counsel that he had settled all matters in dispute with Livesley & Co., when he had not done so, and the person to whom such false statement was made evidently relied thereon, when he subscribed the name of the firm of which he is a member to the stipulation to dismiss the appeal. This agreement was based on a mistake of fact brought about by Johnston's false state-

ment, and for this reason the stipulation is not binding upon the parties to it.

The mandate should be recalled, and when received in this court, the decree dismissing the appeal as to Johnston set aside; and it is so ordered.    Mandate Recalled.

---

Decided 3 July, rehearing denied 28 August, 1905.