## FIRST CHRISTIAN CHURCH v. ROBB.

(138 Pac. 856.)

**Courts—Terms—Duration.**

1. On April 10, 1913, when the existing law set the terms of Circuit Court in Jackson County for the fourth Monday in March, the first Tuesday after the first Monday in September, and the second Monday in December, plaintiff took a voluntary nonsuit. On May 10, 1913, it moved to vacate the judgment and reinstate the cause. On July 10, 1913, the motion was allowed. Act of February 25, 1913, which went into effect June 3, 1913 (Laws 1913, p. 209), changed the time for holding court to the first Monday in February, May and October. *Held*, within the rule that a court once convened in regular session continues till adjourned *sine die*, or the term lapses by the commencement of a new one, no term having intervened, that the original March term before which the nonsuit was granted had not terminated before the decision of the motion to reinstate.

**Judgment—Amendment and Correction—Power of Court.**

2. A court of record has the inherent right to correct, modify or vacate its orders or judgments, during the term at which they were rendered, or while the proceedings remain under consideration and not finally disposed of, but after the term, unless retained by appropriate motion or other proceeding, a judgment cannot be assailed in

the same action except in the manner stated in Section 103, L. O. L., in case of mistake, inadvertence, surprise or excusable neglect.

> [As to power of court at subsequent term to correct judgment on evidence *dehors* the record, see note in Ann. Cas. 1913E, 349.]

**Appeal and Error—Decisions Reviewable—Order Reinstating Cause After Nonsuit.**

3. Section 549, L. O. L., giving an appeal from a judgment or decree other than one by confession or for want of answer, and Section 548, giving an appeal from an order affecting a substantial right and in effect determining the action or suit, do not give an appeal from an order reinstating a cause after voluntary nonsuit.

**Appeal and Error—Decisions Reviewable—Reinstating Cause After Nonsuit—"New Trial."**

4. Under Section 173, L. O. L., defining a "new trial" as a re-examination of an issue of fact after judgment, an order reinstating a cause after voluntary nonsuit is not appealable under Section 548, giving an appeal from an order granting a new trial.

From Jackson: Frank M. Calkins, Judge.

Statement by Mr. Justice Burnett.

This is an action by the First Christian Church of Medford against C. Robb and W. A. Morse, copartners, and the Massachusetts Bonding & Insurance Company, in which judgment was rendered for plaintiff, and defendant, the Massachusetts Bonding & Insurance Company, appeals.

At the trial on April 10, 1913, and during the production of testimony for the plaintiff, it took a voluntary nonsuit. On May 10, 1913, based upon affidavits, the plaintiff moved to vacate the judgment and reinstate the cause for trial. On the day last mentioned the court heard arguments for both parties, reserved its judgment, and on July 10, 1913, entered an order allowing the motion, vacating the judgment, and reinstating the cause for hearing. From this order the defendant appeals, and the plaintiff moves to dismiss the appeal for want of jurisdiction of this court because the judgment appealed from is not a final judgment.     Appeal Dismissed.

*Messrs. Boggs & Wilson* and *Messrs. Cherry & Mulkey,* for the motion.

*Messrs. Peters & Powell, Messrs. O. L. & D. P. Price* and *Mr. H. K. Hanna, contra.*

Mr. Justice Burnett delivered the opinion of the court.

1. At the time of the trial ended by the nonsuit, the terms of Circuit Court were held in Jackson County on the fourth Monday in March, the first Tuesday after the first Monday in September, and the second Monday in December. The rule is laid down in *Ex parte Harrell,* 57 Or. 95 (110 Pac. 493), that a court once convened in regular term continues open until it has adjourned *sine die,* or the term lapses by the commencement of a new one lawfully appointed. The motion to vacate the judgment of nonsuit was filed during the term at which the judgment was entered, and suffices to keep the matter in question in the breast of the court until finally determined, within the principle established in *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496). This is true in this instance, although by the act of February 25, 1913, which took effect June 3, 1913, the time for holding court in Jackson County was changed to the fourth Monday in February, May and October. No term established by law had intervened in this instance to terminate the March term begun and held under the former statute; hence, for the purpose of this case, the original March term, at which the motion to vacate the nonsuit was filed, continued open until after the decision of the motion.

2. It is thoroughly established in this state that, during the term at which they were entered, every court of record has the inherent right to correct,

modify or vacate its orders and judgments, or while the proceedings remain under consideration and not finally disposed of. On the other hand, after the lapse of the term, without the matter in question having been retained in the bosom of the court by an appropriate motion or other proceeding for determination, a judgment once rendered cannot be assailed in the same action except in the manner laid down in Section 103, L. O. L., where it appears to have been made through mistake, inadvertence, surprise or excusable neglect. In *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710), it was decided that the court had no jurisdiction to set aside a judgment after the lapse of the term where control of it had not been retained by appropriate proceedings, and that an order thus overturning the judgment was void and appealable. On the other hand, in *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496)', the judgment was held to be under control of the court after the term, because the time to file a bill of exceptions had been extended beyond the term, so that, when the court refused to sign the bill, but vacated the judgment and granted a new trial, the order annulling the judgment was neither void nor final; and hence that no appeal would lie therefrom. In *Livesley* v. *Jóhnston,* 47 Or. 193 (82 Pac. 854), this court recalled a mandate during the term in which it was issued and set aside the judgment. In *Ayers* v. *Lund,* 49 Or. 303 (89 Pac. 806, 124 Am. St. Rep. 1046), the matter in controversy was a tax title. During the term the court set aside its own decree and reopened the issue permitting the plaintiff to prove a tender of taxes paid by the defendant, and this action of the Circuit Court was approved by this court.

3. It is said in Section 549, L. O. L., that ''any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer

may appeal therefrom.'' Defining an appealable judgment or decree, Section 548, L. O. L., says:

''An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial for the purpose of being reviewed, shall be deemed a judgment or decree.''

It is true that a void order is appealable within the meaning of *Smith* v. *Ellendale Mill Co.,* 4 Or. 70, and other cases; but, as we have seen, an order vacating a judgment during the term at which it was made is not void, being at the time within the authority of the court making it.

The order reinstating the cause for trial does not in any sense determine the action so as to prevent a judgment or decree therein. As noted in Section 548, L. O. L., the plain purpose of the order is to reinstate the cause for trial, and does not prevent, but will result in, a final judgment in the future.

4. Neither is the order vacating the judgment one granting a new trial, for the reason that, in the language of Section 173, L. O. L., a ''new trial'' is a re-examination of an issue of fact in the same court after judgment. The examination of the issue of fact in this case was abortive and was never completed; hence there could be no new examination of the fact within the meaning and intent of the section defining a new trial. It thus appears that the order complained of and from which the appeal is taken is not void, neither is it such an order as Section 548 defines to be appealable. The right of the defendant to oppose the demand of the plaintiff is not abused, and the issues may be heard on their merits.

The appeal is dismissed.    DISMISSED.