Argued April 13, affirmed June 1, 1926.

## MINNIE J. ROSUMNY *v.* MARTIN MARKS.

(246 Pac. 723.)

New Trial—Requesting Postponement of Hearing of Defendant's Motion for New Trial and Contesting It on Merits Tended to Preclude Objection to Failure to Enter Order of Continuance.

1. That plaintiff requested that hearing of defendant's motion for new trial be postponed, and subsequently contested motion on its merits, would tend to preclude him from objecting that no order of continuance was entered.

Judgment—Court of Record has Inherent Right to Correct, Modify
or Vacate Orders and Judgments During Term or While Pro-
ceedings Remain Under Consideration, but After Term Judgment
can be Assailed Only in Statutory Manner, Unless Matter was
Retained in Court's Bosom by Appropriate Motion or Other Pro-
ceeding (§ 103, Or. L.).

2. Court of record has inherent right to correct, modify or
vacate its orders and judgments during term at which entered or
while proceedings remain under consideration and not finally dis-
posed of, but after term judgment cannot be assailed in same action
except in manner provided by Section 103, Or. L., unless matter was
retained in bosom of court by appropriate motion or other pro-
ceeding for determination.

New Trial—Hearing on Motion for New Trial Held to have Been
Continued to Following Terms by General Orders of Continuance
at End of Each Term (§ 175, Or. L.).

3. General order, on last day of term, that all unfinished business,
including hearing of motions for new trials, not submitted or dis-
posed of at term, be continued until next regular term for lack of
time to hear and dispose of them, *held* to continue hearing on motion
for new trial, in view of Section 175, Or. L.

New Trial—Established Practice of Continuing All Unfinished Busi-
ness, Including Hearings on Motions for New Trial, by General
Order at End of Term, Should not be Disturbed Except for
Cogent Reasons.

4. Established practice for Circuit Court to make general order
at end of term continuing all unfinished business, including hearings
on motions for new trial, should not be disturbed except for cogent
reasons.

Trial—Counsel's Persistence in Improper Argument as to Liability
Insurance Carried by Defendant in Personal Injury Suit, De-
spite Ruling That He Should Pursue It No Further, Held
Reversible Error, Notwithstanding Instruction to Disregard It.

5. Persistence by plaintiff's counsel in continuing improper argu-
ment in personal injury suit as to liability insurance carried by
defendant, despite court's ruling that he should pursue it no
further, was such gross misconduct as to require reversal of judg-
ment for plaintiff, notwithstanding instruction to disregard it.

Trial—Wilful Attempt by Plaintiff in Personal Injury Suit to In-
fluence Jury by Showing by Evidence or Argument Thereon
That Defendant is Protected by Insurance is Reversible Error.

6. Wilful attempt by plaintiff in personal injury suit, by testi-
mony or argument based on evidence, to influence jury by showing
that defendant is protected by indemnity insurance, is reversible
error.

---

2. See 15 R. C. L. 673.
3. See 7 R. C. L. 990.
6. See 2 R. C. L. 417.

Trial.

7. It is trial court's duty to penalize party, arguing matters immaterial and prejudicial to case, by discharging jury.

New Trial—It is Trial Court's Duty to Set Aside Verdict and Judgment in Personal Injury Suit and Grant New Trial, if Believing Jury was Improperly Caused to be Careless, or Defendant Denied Fair Trial, by Intentional Argument or Testimony as to Indemnity Insurance.

8. It is the duty of the trial court, believing that jury was improperly caused to be careless in considering verdict, or that defendant was denied fair trial, by intentional argument or testimony in personal injury suit that defendant is protected by indemnity insurance, to set aside verdict and judgment and grant new trial.

New Trial—Granting New Trial Because Plaintiff's Counsel Persisted in Arguing That Defendant Carried Casualty Insurance After Warning to Desist Held not Error.

9. Granting new trial to defendant in personal injury suit, because plaintiff's counsel persisted in arguing fact that defendant carried casualty insurance after being warned to desist, *held* not error.

Appeal and Error, 4 C. J., p. 959, n. 90, p. 990, n. 26.
Liability Insurance, 36 C. J., p. 1128, n. 76, p. 1129, n. 77.
New Trial, 29 Cyc., p. 1004, n. 16, p. 1005, n. 22.
Trial, 38 Cyc., p. 1498, n. 19, 20.

From Multnomah: GEORGE F. SKIPWORTH, Judge.

Department 1.

This is an action of damages for a personal injury sustained by reason of a collision of an automobile operated by plaintiff and one operated by defendant at the intersection of 25th and Lovejoy Streets, in the City of Portland, Multnomah County, Oregon, on November 29, 1922. The cause was tried before the court and a jury and on September 19, 1923, resulted in a verdict and judgment for plaintiff.

Upon September 22, 1923, defendant filed a motion to set aside the judgment and award a new trial. On November 14, 1923, the court granted this motion. Plaintiff appeals.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. S. J. Bischoff* and *Mr. S. J. Silverman.*

For respondent there was a brief over the name of *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. Clarence J. Young.*

BEAN, J.—The plaintiff contends that at the time the motion for a new trial was granted the Circuit Court had lost jurisdiction of the cause for the reason that the motion was not determined during the September term of court, at which the judgment was entered, nor during the succeeding October term of court, and there was no order made or entered extending the time in which to hear and determine the motion for a new trial during the September term or October term of the Circuit Court.

It appears from the bill of exceptions that the motion for a new trial was called to the attention of the court during the September term, 1923, by one of defendants' attorneys who requested a hearing on the motion. Attorney S. J. Silverman, representing the plaintiff, was then about to leave for San Francisco and requested that the hearing be continued until his return.

On October 5, 1923, defendant served a notice upon plaintiff that the Honorable G. F. Skipworth, presiding judge at the trial herein, had fixed Saturday morning, October 6, 1923, at 9:30 o'clock, at the County Court, as the time and place for argument on the motion for a new trial. Attorney Silverman was then still in California, but at the time mentioned in the notice was temporarily represented by other counsel. The court directed that the motion

be submitted upon written briefs, plaintiff's briefs
to be submitted on or before October 21, 1923, and
defendant's reply brief to be submitted within ten
days after the filing of plaintiff's brief. The briefs
were filed by October 24, 1923. No proceedings were
thereafter had in the cause during October for the
reason, as appears from the bill of exceptions, that
the court had said motion under advisement. Dur-
ing the November term 1923, the court made and
entered an order granting the motion to set aside
the judgment and for a new trial.

On November 28, 1923, plaintiff served and filed
a motion to vacate the order of November 14, 1923,
granting a new trial, on the ground that the court
was without jurisdiction to make the order after
the expiration of the September term. Thereafter
the court on December 7, 1923, denied plaintiff's
motion to vacate the order of November 14, 1923.

Section 175, Or. L., provides as follows:

"A motion to set aside a judgment and for a new
trial, * * shall be filed within one day after the entry
of the judgment sought to be set aside, or such fur-
ther time as the court may allow. * * The motion
shall be heard and determined during the term, unless
the court continue the same for advisement or want
of time to hear it but said motion shall be heard
and determined by the court within sixty days from
the time of the entry of judgment, and not thereafter,
and if not so heard and determined within said time,
the said motion shall be conclusively taken and
deemed as denied."

On September 29, 1924, it being the last day of
the September term of court, the court made a gen-
eral order—

" * * that all unfinished business, including all cases
not tried and disposed of and also including the

hearing of all motions for new trials and other matters pertaining thereto (that) have not been submitted or disposed of by the court at this term of court, be continued until the next regular term of court, because of the lack of time on the part of the court to hear and dispose of the same and that the court stand adjourned without date.''

On November 3, 1923, being the last day of the October term of court, the court made a like order continuing all unfinished business, including cases not tried and disposed of, the hearing of all motions for a new trial, and other matters pertaining thereto that had not been disposed of.

1. A request on the plaintiff's behalf that the hearing of the motion for a new trial be postponed until Mr. Silverman, attorney for plaintiff, returned to Portland, coupled with the fact that plaintiff subsequently contested the motion for a new trial on its merits, without raising the question of procedure, would tend to preclude the plaintiff from objecting that no order of continuance was entered in the case. The court delayed the hearing for the convenience of plaintiff and she should not thereafter be permitted to complain.

The bill of exceptions discloses that the motion for a new trial was not heard during the September term of court for the reason that the plaintiff requested a postponement thereof. The motion was, therefore, on September 29, 1923, continued for the term. The motion was directed by the court to be heard upon written briefs, as at the time it was set for hearing, on October 6, 1923, the plaintiff's attorney was absent and the Honorable G. F. Skipworth, the judge before whom said cause was tried, was about to return to his own district. The motion

was not passed upon during the October term after the briefs were filed, for the reason the court had the same under advisement. The matter was continued for the October term by order of the court, entered on November 3, 1923.

Counsel, in support of plaintiff's position that the court lost jurisdiction of the cause, cite the cases of *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710); *Henrichsen* v. *Smith,* 29 Or. 475, 479 (42 Pac. 486, 44 Pac. 496); *Alexander* v. *Ling,* 31 Or. 223 (50 Pac. 915); *Purdy* v. *Van Keuren,* 62 Or. 34 (123 Pac. 1070); *McMahon* v. *Hull,* 63 Or. 135, 143 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3); *First Christian Church* v. *Robb,* 69 Or. 283, 286 (138 Pac. 856); *Tucker* v. *Davidson,* 80 Or. 254, 255 (156 Pac. 1037).

The motion for a new trial was granted within the sixty-day limit provided in Section 175, Or. L.

2. All of the cases cited by plaintiff are where some order affecting a judgment or decree was made at a term of court subsequent to the one at which it was rendered without the matter having been retained in the bosom of the court by any appropriate proceeding, and are unlike the present case. In *First Christian Church* v. *Robb,* 69 Or. 285, at page 286, Mr. Justice BURNETT states the law thus:

"It is thoroughly established in this state that, during the term at which they were entered, every court of record has the inherent right to correct, modify or vacate its orders and judgments, or while the proceedings remain under consideration and not finally disposed of. On the other hand, after the lapse of the term, without the matter in question having been retained in the bosom of the court by an appropriate motion or other proceeding for determination, a judgment once rendered cannot be

assailed in the same action except in the manner laid down in Section 103, L. O. L. * * ."

3. Counsel for plaintiff contends that the cause was not continued for the term by the general orders of continuance referred to above. To this contention we are not able to accede. The court plainly ordered the cause continued for the respective terms, for good and sufficient reasons. As shown by the court journal and bill of exceptions, Section 175, Or. L., only requires that the motion be heard during the term "unless the court continues the same for advisement or want of time to hear it." The motion for a new trial was continued for the September term for want of time to hear it when the counsel for plaintiff could be present. The motion was continued for the October term for the reason that the court had the same under advisement. It was continued from the September term to the October term and from the October term until the November term, by the general order of the court entered at the end each of those terms in the journal and carried all unfinished business including, in particular, motions for a new trial over to the subsequent term.

4. It is believed that it is the invariable custom in all the Circuit Courts of this state, at the end of a term of Circuit Court, for the court to make a general order continuing all unfinished business for the term, such as the order of continuance above stated. The same practice prevails in this court. Such an established practice ought not to be disturbed except for cogent reasons.

A general order of continuance, like the ones in question in the case at bar, has been recognized or a want thereof noticed and commented upon by this

court in the case of *Henrichsen* v. *Smith,* 29 Or. 475, at page 478 (42 Pac. 486, 44 Pac. 496), where it is recited

"That on July twentieth, and after the usual order had been made continuing to the next term all actions, suits, and proceedings then pending in said court, the May term thereof expired by adjournment."

And in the case of *Alexander* v. *Ling,* 31 Or. 222, 224 (50 Pac. 915), Mr. Justice Wolverton remarked:

"Had the settlement of the bill of exceptions been a matter pending, and there had been a general order continuing all unfinished business, as counsel for plaintiff claims, these conditions might have been sufficient to have carried the matter over to the succeeding term, and justified the court in the action complained of."

In the case of the *First Christian Church* v. *Robb,* 69 Or. 283, at page 285 (138 Pac. 856), we find the following language of Mr. Justice Burnett as follows:

"The motion to vacate the judgment of nonsuit was filed during the term at which the judgment was entered, and suffices to keep the matter in question in the breast of the court until finally determined, within the principle established in *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496)."

Counsel for plaintiff also cite the case of *Frank* v. *Mattiesen,* 115 Or. 349 (236 Pac. 754), where the writer of the opinion in that case questioned the validity of a general order of continuance of all unfinished business made at the close of a term of court, until the next term, which was entered in the journal by the clerk of the court without authority of the judge. The case is not in point.

5. The next question goes to the merits of the motion and pertains to whether or not a certain statement made by the attorney for plaintiff in his final argument to the jury in behalf of plaintiff was sufficiently unwarranted and prejudicial to justify setting aside the verdict in plaintiff's favor. The attorney for plaintiff, during his closing argument, referred to the fact that defendant was protected by a liability insurance. This statement was objected to by counsel for defendant and precipitated a discussion. Finally the court stated to Mr. Silverman that he "need not pursue that argument further."

The matter arose in this way: Counsel for defendant introduced a portion of the police report of the accident in which the injury occurred. Thereupon counsel for plaintiff offered the other portion of the report, or that made by the defendant Martin Marks. The statement by Marks was apparently material. On another page there appears the following:

"Q. Do you carry casualty insurance covering damages to your automobile?
"A. Yes.
"Q. Does this insurance also cover the other person's loss?
"A. Yes.

The questions and answers were not germane to any issue in the case. It was introduced without objection as the report was not at hand when the counsel for defendant consented thereto and apparently was not examined by him.

After the right of counsel for plaintiff was challenged by counsel, and at the suggestion of counsel for defendant, the court instructed the jury to disregard that part of the argument. The court re-

marked: "I don't know what is in that paper." Counsel for plaintiff read from the exhibits the question: "Do you carry casualty insurance? A. Yes." Counsel for defendant moved that the jury be discharged, and not allowed to pass upon the liability or nonliability of defendant in the case. The court sustained the objection to the argument but refused to discharge the jury, and informed counsel for plaintiff that he need not pursue that argument further, and defendant saved an exception.

For the reason that the matter of casualty insurance was injected into the case and argued to the jury, the court, on motion of defendant, set aside the judgment and granted the motion for a new trial.

6. It was improper to purposely show to the jury that defendant carried indemnity insurance against damages occasioned by reason of the accident, which is the subject of the action: *Cameron* v. *P. L. & G. Co.*, 73 Or. 510, 518 (144 Pac. 446, Ann. Cas. 1916E, 769); *Tuohy* v. *Columbia S. Co.*, 61 Or. 527 (122 Pac. 36); *Putnam* v. *Pacific Monthly Co.*, 68 Or. 36 (130 Pac. 986, 136 Pac. 835, Ann. Cas. 1915C, 256, 45 L. R. A. (N. S.) 338, L. R. A. 1915F, 782); *Sanders* v. *Taber*, 79 Or. 522, 524 (155 Pac. 1194).

Persistence by counsel in continuing improper argument with regard to liability insurance, despite a ruling by the court that he should pursue the argument no further, was in itself such gross misconduct as to constitute reversible error: *Palmer* v. *Dimick*, 77 N. H. 565 (94 Atl. 268); *Worden Lbr. Co.* v. *Minneapolis Ry. Co.*, 168 Mich. 74 (133 N. W. 949); *State* v. *Moore*, 32 Or. 65 (48 Pac. 468).

7. An instruction by the court that the jury should disregard the matter of liability insurance cannot

cure the prejudicial effect of the fact being brought to the attention of the jury. It is the duty of the trial court to penalize the party who argues matters not material and prejudicial to the case by discharging the jury: *Vasquez* v. *Pettit,* 74 Or. 496, 500 (145 Pac. 1066, Ann. Cas. 1917A, 439); *Jones* v. *Sinsheimer,* 107 Or. 491 (214 Pac. 375).

Litigants at this late date are not excusable in the light of these decisions in ignoring them and pressing by argument to the jury the fact of such insurance: *Shay* v. *Horr,* 78 Wash. 667 (139 Pac. 604).

A wilful attempt by a plaintiff in a personal injury case, either by testimony or argument based upon evidence to influence the jury, by showing that the defendant is protected by indemnity insurance, is reversible error. The reason of this rule is, that it matters not who will eventually be required to satisfy any verdict and judgment that may be rendered in the case.

8. If the trial court is of the opinion that by reason of such intentional argument or testimony the jury has been improperly caused to be careless in the consideration of their verdict, or that the defendant has thereby been prevented from having a fair trial, it is the duty of that court to set the verdict and judgment aside and grant a new trial.

9. The trial court granted a new trial on motion of defendant for the reason that counsel for plaintiff, in his zeal for his client, after being warned by the court, persisted in an attempt to impress upon the jury by argument the fact that the defendant carried casualty insurance. We cannot say from the record that there was any error in such order.

The judgment of the Circuit Court is therefore affirmed.    AFFIRMED.

BURNETT, RAND and COSHOW, JJ., concur.